Leslie Hood III
CDC# F81932
~~Salinas State Prison~~
~~Soledad California~~
P.O. Box 872 (FCJ)
Fresno Ca 93712

United States District Courts
~~Northern~~
~~Eastern~~ District of California.
Northern

Case# 2:08-CV-00783-MCE-GGH

Leslie Hood III
    V.
California Department of Corrections, Fresno Co. Sheriffs Dept Margret Mims.

FILED
MAY 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV08-02277 MHP

Honorable Judge:

"Per Local Rule 5-133, I was to Submit Original plus on Copy of each document, I truely Apologize for failure to do so." However I did Submit A Supplemental Writ of Habeas Corpus Dated 4-16-08, for a New Charge the Commissioner failed to Acknowledge, Also inclosed in this letter is a full Copy for the Courts use, I Pray the Courts forgive my not Knowing and Except this Copy Thank you for your Time and Concern in this matter.

Respectfully Submitted.
Leslie Hood III
*/s/ Leslie Hood III*

Date 4-26-08

1 of 1

MC-275

Name **Leslie Hood III**
Address ~~San Quentin State Prison~~
~~San Quentin CA 94974~~
P.O. Box 872 Fresno CA 93712
(FCJ)
CDC or ID Number **F88832**

INJUNCTION RELIEF
(Request An Expedited Hearing)

United States District Courts
~~Eastern~~ District of California
Northern
(Court)

Petitioner **Leslie Hood III**
vs.
Respondent **California Dept. of Correction**
Board of Prison terms, Fresno County Margret Mims
Fresno Co. Sheriff Dept.

PETITION FOR WRIT OF HABEAS CORPUS

No. **C08-02277 MHP**
(To be supplied by the Clerk of the Court)

**INSTRUCTIONS—READ CAREFULLY**

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC-275

**This petition concerns:**

- [ ] A conviction
- [x] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other *(specify)*: _____

1. Your name: Leslie Hood III
2. Where are you incarcerated? San Quentin State Prison
3. Why are you in custody?  [x] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Trans/Sell CS, Prior Poss. CS, Poss Sell CS.

   b. Penal or other code sections: H 11370.2
   c. Name and location of sentencing or committing court: Fresno Superior Court, Fresno California

   d. Case number: F00658311-6
   e. Date convicted or committed: 5-8-07
   f. Date sentenced: 5-8-07
   g. Length of sentence: 9 yrs 8 mo.
   h. When do you expect to be released? May 2008
   i. Were you represented by counsel in the trial court?  [ ] Yes  [x] No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty  [ ] Guilty  [x] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury  [ ] Judge without a jury  [x] Submitted on transcript  [ ] Awaiting trial

MC-275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 2 of 6

6. **GROUNDS FOR RELIEF**

MC-275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

1). California Dept. of Corrections Board of Prison terms Violated and/or denied me my Due Process Rights by not dismissing Supplemental Charges for failure to file Supplemental Charges in proper time frame. And not Processing me before the Board of prison terms for a final revocational hearing on/or before the (35th) day of my parole hold being Placed. See Exhibit-C. I'm Requesting an Expedited hearing There to Injunction Relief.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

1). I was Arrested on 2-7-08, for Parole Violation, Poss. Cont Subs. And Driving without License. On 2-11-08, I Signed a Charge Report-CDC 1502-B, that Stated all Charges I was to Answer to. Per the Charge Report, Investigate, Submit Appropriate Report by (Date) 2-19-08, See Exhibit-A. I Appeared before a Commissioner on 2-28-08, And Recieved (4) months. On 3-5-08, I was taken back before the Commissioner on Supplemental Charge that was filed on 2-25-08, See Exhibit-B, Thus Violating And/or denying me my Due process Rights by not filing all Charges in a timely frame And going over the deadline to file Supplemental Charges. Due to the fact that the parole Agent failed to file Supplemental Charges in a timely manner. I refused the additional (1) month to run Consecutively with the (4) months I was already Serving, And was Scheduled for a final revocation hearing. I objected to Charges being filed late Therefore the Comissioner failed to acknowledge my objection Violating my Due Process rights And Equal Protection of the law. See Exhibit-C, D, And E.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Jerry ValDivia V. Arnold Schwarzenegger, wherein you must be Served Evidence that will be used against you within (13) Business days And a final revocational hearing must be upheld on/or before the (35th) calendar day After the placement of parole hold. See Exhibit-C.

7. Ground 2 or Ground **Two**   (if applicable):                                    MC-275

2) California Dept. of Corrections Board of Prison terms Violated and/or denied me Equal Protection of the law under the Consititution of the United States Article [XIV] Section 1. In my Revocation Hearing by failing to up hold the law, by denying and/or Violating my Due Process Rights.

a. Supporting facts:

2) I was arrested on 2-7-08, For parole Violation, Poss. Cont. Subs. driving without license. On 2-11-08, I was given A Charge Report CDC-1502-B, "Exhibit A" that stated all Charges I was to Answer to. On 2-28-08, I Appeared before the Board of Prison terms and excepted (4) months. On 3-5-08, I was taken back before the Commissioner on Supplemental Charges at which time I refused the offer for addititional time based on my Due Process rights were denied and/or Violated, by not filing all Charge in the proper time frame and/or going over the deadline to file Supplemental Charges "See Exhibit-C". At which time I was Scheduled for a final revocation hearing. On 3-21-08, I was transferred to Monterey Co. Jail for a revocation hearing. I Appeared before the Board of Prison terms Commissioner J. Champlin on 3-24-08, At which time I objected to the hearing based on "Per" my Due Process rights the Board of prison terms was to have a final revocational hearing on/or before the (35th) day After my parole hold was placed "See Exhibit-C". Thus Violating and/or denying me my Due Process rights I was Arrested on 2-7-08, And the final hearing took place on 3-24-08, which is a Violation and denial of my Due Process Rights. The Board of Prison terms missed the deadline by (11) days clearly Violating my Due Process rights, See Exhibit-C. There is nothing in the Guidelines that Stipulates the Commissioner at Anytime Can use his Authority to over-ride the Constitution and/or the law "See Exhibit-C" And Constitution of United States Article [XIV] Sec. 1

b. Supporting cases, rules, or other authority:

Constitution of United States Article [XIV] Section 1, nor Shall Any State deprive Any Person of life, liberty, or property, without Due process of the law. Nor deny Any Person within its Jurisdiction the Equal Protection of the law.

See - Constitution of the United States Article [XIV] Section 1

Jerry Valdivia V. Arnold Schwarzenegger, A final Revocational hearing must be held on/or before the (35th) day of Parole hold being placed.

MC-275

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____

   b. Result _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: _____

9. Did you seek review in the California Supreme Court? ☐ Yes ☒ No. If yes, give the following information:

   a. Result _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    On Appeal I believed I had raised the Issue of Violating my Due process rights for failing to take me before the Board of Prison terms And/or before the (35TH) day, I didn't realize The Commissioner only recognized my objection to charge being filed late.

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    Under ValDivia V. Schwarzenegger there is no longer any Administrative remedies for 602 forms or 1040 forms, Inmates must now seek relief And/or Appeal through Writ of Habeas Corpus.

    _____
    _____
    _____
    _____
    _____

    b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 2007]      **PETITION FOR WRIT OF HABEAS CORPUS**      Page 6 of 6

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

MC-275

13. a. (1) Name of court: Monterey Superior Court Salinas California

   (2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus

   (3) Issues raised: (a) Violation of my Due process rights, fail to take me before (BPT) within (SE) 35 day time Frame.

   (b) I was not provided Equal protection of the law.

   (4) Result (Attach order or explain why unavailable): I only filed part of Violation of Due process rights

   (5) Date of decision: Unknown

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
   Unknown

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
   I Just became aware the Commissioner only recognized objection to charges being filed later. I believed I had raise both Issues.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known: _____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain: _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   None.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 4-26-08

(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page 6 of 6

Leslie Hood II
CDC# F88832

# Contents And Exhibits

1.) Writ of Habeas Corpus Injuction Relief. And Request For Expedited Hearing.

2.) Exhibit# A Charge Report CDC 1502-B, original.

3.) Exhibit# B Charge Report CDC-1502-B, Supplemental Report

4.) Exhibit# C California Parole Violator's Due Process Rights upheld in Settlement.

5.) Exhibit# D Continuance From Pages 3 of 6, And 4 of 6, Supporting Facts

6.) Exhibit# E Form From ists Msg@cdcr.ca.gov.

7.) Exhibit# F Continunnce of Page 3 of 6 Grounds for Relief. And Request For Injuction Relief and Expedition of Hearing.

8.) Exhibit-G Summary of Revocation Hearing and Dision.

9.) Exhibit H. Summary of Revocation Hearing and Dision Present at Hearing.

Date: 4-16-08

Leslie Hood II
[signature]

CASE # 2:08-CV-00783-MCE-GGH

Exhibit-A

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502-B (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL – C-FILE
1ST COPY – FIELD FILE
2ND COPY - PAROLEE

**REPORT TO:** ☐ BOARD OF PAROLE HEARINGS

| CDC NUMBER | NAME: (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| F88832 | Hood, Leslie | Cornell Williams | Fresno/3 |

| ARREST DATE | ARRESTING AGENCY | BPH REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 02/07/08 | Fresno Police Dept. | ☐ MANDATORY  ☒ NON-MANDATORY | 0801309/Monterey Co. Jail |

| ARREST CODE | * ARREST CODES | | |
|---|---|---|---|
| B | A  DAPO STAFF ALONE<br>AB  DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | B  LAW ENFORCEMENT AGENCY ALONE<br>D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 02/07/08 | 02/07/08 | Intact | M. Gipson | 05/11/2010 | 05/11/2008 | ☐ |

CHARGES AND CODES
1. Cond. 4 absconding (021)
2.
3.

CHARGES AND CODES
4.
5.
6.

REASON FOR RETAINING PAROLE HOLD  PAROLEE DANGER TO
☐ ABSCOND  ☒ SELF  ☐ PROPERTY – OTHERS  ☐ SAFETY - OTHERS

DATE COPY GIVEN

NAME OF PERSON NOTICING PAROLEE

**Charge 1:** On 02/07/08, Hood was arrested in a traffic stop conducted by the Salinas Police Department. Hood was a Parolee At Large. The Board of Parole Hearing entered a decision to on 01/24/08, to suspend Hood's parole effective 12/24/07. Hood's whereabouts were unknown to parole until he was arrested on 02/08/08.

PAROLE AGENT'S RECOMMENDATION:
Maintain hold, refer to the Board of Parole Hearing for dispoition.

Important

PAROLE AGENT'S SIGNATURE  M. Gipson, PA I  DATE 2-8-08

UNIT SUPERVISOR'S ACTION
☒ DECISION  ☐ REVIEW  ☒ RETAIN HOLD  ☐ RELEASE HOLD AS OF (DATE):  ☐ CANCEL WARRANTS - WANTS
☐ CONTINUE ON PAROLE  ☐ CONTINUE IN OUT-PATIENT STATUS  ☐ *DISCHARGE EFFECTIVE DATE:  ☐ RETAIN ON PAROLE
☐ REINSTATE ON PAROLE AS OF (DATE):  ☐ TIME LOSS  ☐ NO TIME LOSS  ☐ SUSPENDED/REINSTATE IN OPB AS OF (DATE):  ☒ REFER TO BPH  ☒ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 2-12-08
☐ SPECIAL CONDITION(S):  ☐ ADD  ☐ DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
☒ I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

Concur.

UNIT SUPERVISOR'S SIGNATURE  Daniel Negrete, PA III  DATE 2/8/08

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

☐ REFER TO BPH  *DISCHARGE EFFECTIVE DATE

FIELD ADMINISTRATOR'S SIGNATURE  DATE

1 of 8

Exhibit-B

STATE OF CALIFORNIA
CHARGE REPORT
CDC 1502-B (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL - C-FILE
1ST COPY - FIELD FILE
2ND COPY - PAROLEE

REPORT TO: ☒ BOARD OF PAROLE HEARINGS

| CDC NUMBER | NAME: (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| F88832 | HOOD LESLIE | SAME | I/Fresno #3 |

| ARREST DATE | ARRESTING AGENCY | BPH REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 2/7/08 | SALINAS PD | ☐ MANDATORY  ☒ NON-MANDATORY | |

ARREST CODE*: B

* ARREST CODES
A  DAPO STAFF ALONE
AB DAPO ASSISTED BY LAW ENFORCEMENT AGENCY
B  LAW ENFORCEMENT AGENCY ALONE
D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 2/7/08 | 2/7/08 | NA | M. Gipson | 5/11/2010PTS | 5/11/08PTS | ☐ |

CHARGES AND CODES:
- ⑤ COND: 4 FALSE ID TO PO (950)
- ⑥ COND: 4 DRIVE ON SUSP LIC (875)
- ⑦ COND: 4 POSS DRUG PARPH (750)
- ⑧ COND: 4 POSS COCAINE (719)

REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO
☐ ABSCOND  ☒ SELF  ☐ PROPERTY - OTHERS  ☐ SAFETY - OTHERS

DATE COPY GIVEN: 
NAME OF PERSON NOTICING PAROLEE:

## SUPPLEMENTAL REPORT

PAROLE AGENT'S RECOMMENDATION:
RETAIN HOLD AND REFER TO BPH

Important Date
Supplemental Charges
& Report was ready

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| M. Gipson | 2/25/08 |

UNIT SUPERVISOR'S ACTION
☐ DECISION  ☐ REVIEW  ☐ RETAIN HOLD  ☐ RELEASE HOLD AS OF (DATE):  ☐ CANCEL WARRANTS - WANTS
☐ CONTINUE ON PAROLE  ☐ CONTINUE IN OUT-PATIENT STATUS  ☐ *DISCHARGE EFFECTIVE DATE:  ☐ RETAIN ON PAROLE
☐ REINSTATE ON PAROLE AS OF (DATE)  ☐ TIME LOSS / NO TIME LOSS  ☐ SUSPENDED/REINSTATE IN OPS AS OF (DATE):  ☐ REFER TO BPH  ☐ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE)
SPECIAL CONDITION(S):
☐          ☐ ADD  ☐ DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION
☐ I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| | |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

☐ REFER TO BPH  ☐ *DISCHARGE EFFECTIVE DATE

| FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|
| | |

2 of 8

# California Parole Violators' Due Process Rights Upheld in Settlement

*by John E. Dannenberg*

In a November 17, 2003 Stipulated Order for Permanent Injunctive Relief (PI), defendant California prison officials settled a nine-year old federal class action suit brought by parolees whose due process rights in parole violation proceedings had been consistently unconstitutionally abused. The PI, which commences on July 1, 2004 and becomes fully effective by July 1, 2005, will provide for probable cause hearings within 13 business days after placement of a parole hold, final revocation hearings within 35 calendar days of the hold, and appointed counsel at all hearings with subpoena power for witnesses and evidence. Most significantly, for minor parole violations not affecting public safety, alternative remedial sanctions other than prison will be offered beginning in January, 2004, with a stated goal of reducing returns-to-custody by up 10% in 2004 and 30% by 2006.

In 1994, prisoner Jerry Valdivia began what became a class action suit on behalf of parolees at large and those back in custody, alleging that California's unitary parole revocation procedure (i.e., having no pre-revocation probable cause step), coupled with re-incarceration of up to six months with no hearing at all, violated Constitutional rights announced in *Morrissey v. Brewer*, 408 U.S. 481 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Chief Judge Emeritus Lawrence K. Karlton ruled in 2002 that California's procedure was unconstitutional and must be revised. (See: *Valdivia v. Davis*, 206 F.Supp.2d 1068 (E.D. CA 2002); *PLN*, Jan. '03, p.16.)

The PI (signed by plaintiffs' attorneys Michael Bien of San Francisco and Donald Specter of the Prison Law Office) was finalized by the court after a March 8, 2004 fairness hearing. Operating prospectively only, it will serve both to provide due process of law as well as contain costs during California's budget crisis by reducing the prison population. (See *PLN*, Nov. '03, p.1 "Bloated Prison Budget Fuels California's Degenerative Incarceration Spiral.") Although no money damages or retroactive relief were asked for and none will be awarded in this class action, the settlement does not affect one's right to sue for damages or to file a writ of habeas corpus.

Central to the PI is the Valdivia Remedial Plan (Plan). Under this plan, upon the event of an alleged parole violation, the parole agent will screen out eligible candidates for an alternative disposition to the usual no-hearing "cuff 'em and bus 'em" return to a California Department of Corrections (CDC) Reception Center. Such alternatives, available for what are deemed "administrative" violations, include diversion to a substance abuse program, electronic monitoring, self-help outpatient aftercare programs and alternative placement in structured and supervised environments. Very importantly, an alternative sanction does not count as a parole violation and therefore does not make the parolee presumptively ineligible for discharge after 13 months.

If alternative sanctions are not initially granted, they may yet be after a probable cause analysis (completed within 3 business days) is reviewed by the Parole Administrator (done within 4 more days), or by mutual agreement prior to the probable cause hearing. Otherwise, the probable cause hearing must be held within 6 more business days, wherein an attorney [state trained for this work] is appointed and evidence presented. If probable cause is found and the parolee rejects the proposed initial violation term or alternative sanction, a full revocation hearing must be held within 35 calendar days after the hold placement, again with attorney representation.

The main objective of the Plan is to reduce returns to custody for parole violations which in and of themselves present no imminent threat to public safety. This includes substance abuse violations and technical violations, e.g., being late for a parole appointment. Failure to complete the alternative sanction could result in a return to custody. At all phases of the Plan, ADA accommodations per *Armstrong v. Davis*, 295 F.3d 895 (9th Cir. 2001) shall be provided, including the availability of all forms in Spanish. Whenever needed, foreign language translators shall be provided.

Michael Brady, Deputy Secretary of the Youth and Adult Correctional Agency [which oversees CDC and the parole board] refuted victims' rights groups and prison guards union suggestions that the Plan was "soft on crime." Instead, Brady said, "We are taking people whose underlying problem is substance abuse and making sure they get help and get the tools they need to become law-abiding citizens."

This underlying problem was also found central in a November 13, 2003 report by the California Legislature's watchdog Little Hoover Commission which criticized the current parole system for "recycling" rather than rehabilitating parolees. Separately, California's Inspector General found that 81% of present violators did not get a revocation hearing within the 45 days specified by *Morrissey*.

The PI also provides for monitoring every 90 days, with the court retaining jurisdiction for enforcement. Importantly, it was stipulated that this is not a "civil case with respect to prison conditions" and that the PI is not governed by the Prison Litigation Reform Act (PLRA) (18 U.S.C. § 3626). Two remaining unresolved claims left for informal resolution are Due Process and Equal Protection claims as to defendants' administrative appeals process and prisoners' revocation extension hearing rights. See: *Valdivia v. Schwarzenegger*, No. CIV-S-94-0670 (USDC E.D. CA), Stipulated Order For Permanent Injunctive Relief, Nov. 17, 2003.

Although attorney Donald Specter hailed the settlement as a "radical" improvement over the unconstitutional and costly ways of the past [indeed, it could serve as a model for other states], it isn't clear that the Fat Lady has finished singing. Proof that the Plan is helping both parolees and taxpayers will come only when imprisoned violator body-counts decline by the hoped-for 10% and 30% goals. But if the allure of empty prison beds serves only to foment more frequent prison-job-protecting parole sweeps, overall expenditures will increase when alternative remediation costs simply become additive to unremitting prison costs.

Indeed, California could take a page from the book of the United States, which frugally eliminated the concept of federal parole. This writer believes that the path to reduced recidivism is to be found in increasing the incentives to keep released prisoners out – rather than rewarding their return to custody. Instead of fostering the current *Les Miserables* model of hounding a parolee until he fails, California should pay a fat bounty to post-release counselors whose wards successfully avoid committing a new crime for the one and three year benchmarks commonly cited in recidivism studies. By *investing* a fraction of the billions currently spent on blindly recycling parolees to instead aid them in staying out, the degenerative repression that prisons bring – especially to poor people – could be abated ■

# EXHIBIT-D

"EXHIBIT-D"   "Continuance From Pages #3 of 6 and #4 of 6, Supporting Facts"

It should be noted Agent of Records Michael Gipson, had plenty of time to get and review the police Report, and that Agent M. Gipson was aware of police report and/or other charges "See Exhibit-E," (sts.msg@cdcr.ca.gov.) That was sent to Fresno Parole Agent Michael Gipson, and/or Negrete Daniel X, on the Date of 2-8-08, at 6:14am, one day after I was arrested on 2-7-08, To inform the Agent and Unit Supervisor of my arrest and/or the charges. If you look on this form "Exhibit-E" under California Dept. of Corrections & Rehabilitations Sacramento, under "Reg/unit 1, Fresno 1, charge: Parolee at large warrant # 2080100896, 1-24-08. - Poss. Cont Subs, Driving without license." Its very clear this agent and/or Supervisor was aware of the charges of my arrest and had enough time to add charges to the original Report charges that was due by 2-19-08, and/or file supplemental charges within the time frame of Valdivia V. Schwarzenegger. See Exhibit-C. However the Agent of Records M. Gipson failed to do his job in a timely frame, "thus" violating and/or denying me my due process rights. It should also be noted that on 3-24-08, the Board of Prison Term Revocation hearing the Commissioner-Hearing officer J. Champlin also went along with this Agent in violating and/or denying my due process rights "See Exhibit-C", And failed to note my objection to having hearing after the (35th) day time frame in which Valdivia V. Schwarzenegger order stipulates, Again "See Exhibit-C". Thus, my right to a final revocation hearing on/or before the 35th day of placement of my parole hold "See Exhibit-C, G and H" the Commissioner J. Champlin only guessed this Agent of Records signed off on the parole violation Report after the original report had been filed. Hearing officer J. Champlin, had NO Proof the Agent of Records wasn't aware of the charges before Agent signed off the parole violation report. Just because the Agent of Records didn't make a mention of supplemental charges in his original Report, this don't give the hearing officer J. Champlin the authority to answer for the agent of Record without the Agent of Records being present. The Commissioner J. Champlin can't just assume something and give me (7) months in prison. Otherwise the entire world be locked-up, Locking a person in prison has to deal with Facts and Facts only, I understand rependerance of the law evidence. However this matter is about whether or not my right were violated, And its clear my Equal Protection of the law was violated along with my Valdivia V. Schwarzenegger, rights.

Date 4-16-08

Respectfully Submitted,
Leslie Hood III
4 of 8

*Case # 2:08-CV-00783-MCE-GGH*

**EXhibit-E**

## Negrete, Daniel X.

| | |
|---|---|
| **From:** | rstsMsg@cdcr.ca.gov |
| **Sent:** | Friday, February 08, 2008 6:14 AM |
| **To:** | Negrete, Daniel X.; Gipson, Michael |
| **Subject:** | RSTS-CLETS Message |

```
The following CLETS Message has been processed:          1-21-62
Hold Initiated: YES
Prior Hold: NO
Date: 02-07-2008
Time: 00:00                       Booking #
CDC:
Name: HOOD, LESLIE                 SALINAS POLICE DEPT.
Booked As: HOOD,LESLIE,III
Booking Number:
Arrest Date: 02-07-2008
Arresting Agency:
Agent: GIPSON, MICHAEL
Unit: FRE3
Unit Supervisor: NEGRETE, DANIEL


========Actual Clets Message Follows========

Msg - 02082008033215509, Date - 02/07/2008, Time - 19:32:15 1DWINDMXCSV.ADNU CRPO.ADNU
CRNO CRPO SNSO


TO:     MONTEREY COJ /
ATTN: JAILER
*****CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION,
SACRAMENTO*****
TEXT: *****HOLD**********NO BAIL**********HOLD**********NO BAIL*****
NAME:      HOOD,LESLIE,III
CDC#:      F88832
AKA:       CORNELL,WILLIAM
DOB:       6/1/1963
ADB:
DESC:      BLA M 601 165 BLK BRO              Important
BKG#:
REG/UNIT:  1 - FRESNO 1
CHARGE:    PAROLEE AT LARGE WARRANT #2080100896  1-24-08  - POSS CONT
SUBS, DRIVING WITHOUT LICENSE

ARREST DATE: 2/7/2008
CONTACTED BY: ARACELI
PHO: (831) 755-3732

THIS IS AUTHORIZATION FOR THE DETAINING AGENCY TO ARREST, BOOK,
AND TRANSPORT PER 3056 P.C. PLEASE HOLD PENDING CONTACT FROM PAROLE AGENT.

REFR:      TOM HOFFMAN, DIRECTOR      DAPO
REPLY:     CRNO

MSG:       2890
INT:       PCSFDG - WARRANTS
DATE:      2/7/2008 7:29:40 PM


CA DEPT OF CORRECTIONS
02/07/08   19:32 OPERATOR:FANNIE GRAHAM
CA034035G  DWIN
```

1

*5 of 8*

# EXHIBIT F

CONTINUANCE OF PAGE 3 of 6, GROUNDS FOR RELIEF

1) I'M REQUESTING AN INJUNCTION Relief, AND Request For EXPEDITED HEARING, due to the BOARD of Prison Terms Commissioner J. Champlin gave me (7) months Eligible for 3057 credits I'm now down to (60) days and should the Courts rule in favor of the Petitioner, the petitioner would be requesting to be released from custody. I've served the violation for the original (4) months I was given and I feel my life is being put on hold I have a job I've worked for the County of Fresno for the past (8) months and received a pay stub and support a 13 year old son AND my life is being taken for no reason. Had all violation charges been submitted and I pleaded to all charges at one time I possibly could be finished with this violation and going on with my life. It should be noted I was paper committed on 5-8-07, and was in full compliance with parole and the law until Dec. 14, 2007. For once in my life I felt I had a life and things were going great for me and I know I don't want the prison life as a way of life for myself any longer. I would greatly appreciate AN expedited hearing and only for the courts to uphold the law and one's rights. Thank you for your time and concern in this matter

Respectfully submitted
Leslie Hood III
*Leslie Hood III*

Date. 4-16-08

BOARD OF PAROLE HEARINGS  STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### V. OBJECTIONS

☐ None    ☒ Yes

| Objections / Basis for Ruling | Ruling |
|---|---|
| PS ATTY OBJECTED TO CHARGES BEING FILED LATE | DENY |

AOR APPEARS TO REC'D THE POLICE REPORT AFTER THE ORIGINAL CHARGES WERE FILED. AOR, US, AND PAR AD ALL SIGNED OFF ON THE PAROLE VIOLATION REPORT AFTER THE ORIGINAL REPORT HAD BEEN FILED. AOR MAKES NO MENTION OF THE SUPPLEMENTAL CHARGES IN HIS ORIGINAL REPORT OTHER THAN NOTING THAT P WAS ARRESTED.

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| HOOD, LESLIE | F88832 | FRESNO 3 / 1 GIPSON, MICHAEL | 24-MAR-2008 |

BPH 1103-REV (Rev. 01/05) Electronic    Page 5 of 5    PERMANENT ADDENDUM

7 of 8

BOARD OF PAROLE HEARINGS
STATE OF CALIFORNIA

Records Office Use Only
Projected Revocation Release Date
Revocation Release Date
Controlling Discharge Date
Discharge Review Date

## SUMMARY OF REVOCATION HEARING AND DECISION
(BPH Rules, Chapter 6, Article 3)

### PRELIMINARY INFORMATION

**Type of Hearing**
REVOCATION

**Location of Hearing**
MONTEREY COUNTY JAIL
Parolee in custody at Time of Hearing: YES

**Basis for Charges**
Parole Violation Report, Dated: 27-FEB-2008

Police Report Agency    Dated: 07-FEB-2008
FRESNO PD

**Optional Waiver**
NO    Date Signed by Parolee:
      Date of BPH Action:
Assessment:

**Legal Data**
The crime for which the parolee was committed to prison occurred on or before 12-31-1978: NO
The crime for which the parolee was committed to prison occurred on or after 1-1-1979: YES
Date of arrest on current parole violation charge(s): 07-FEB-2008
Date hold was placed on current parole violation charge(s): 07-FEB-2008

**ADA** Special Needs:

**Present at Hearing**    Hearing Officer: J CHAMPLIN    *Agent Not Present**

1. [X] Yes  [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes  [ ] No  Attorney Name: RUTLEDGE, KATERA    [ ] Waived
3. [ ] Yes  [X] No  Agent of Record or Substitute: HERNANDEZ, SANTO    Reason not present: WAIVED
4. [ ] Yes  [ ] No  Hearing Agent:    Reason not present:
5. [ ] Yes  [X] No  Observers    Name and Organization:
6. [ ] Yes  [X] No  Interpreter Assigned Language    Name

**Witnesses** (continue on the last page if more than 8 witnesses)

| Present |    | Name | Notified |   | Wit. Desig.** |   | Testified | Excused | If absent, state specific reason. |
|---------|----|----- |----------|---|---------------|---|-----------|---------|-----------------------------------|
| Yes | No |       | Meth.* | Date | Stat. | Req. |   |   |   |
|     | X  | RICHARD LEE HOOD | SP | 14-MAR-08 | F | P |   |   | FTA |
|     | X  | OFFICER TODD KESSLER #49014 | SP | 14-MAR-08 | A | S |   |   | DNA / UNKNOWN |
|     | X  | JUANITA BURNETT | SP | 14-MAR-08 | F | P |   |   | UNKNOWN |

*NOTIFICATION METHOD
M = Memo    PC = Personal Contact
L = Letter  SP = Subpoena
PH = Phone  TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION
Status: A = Adverse    Requested by: S = State
        F = Friendly                   P = Parolee
        V = Victim

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|-----------|---------------------|--------------|
| HOOD, LESLIE | F88832 | FRESNO 3 / 1  GIPSON, MICHAEL | 24-MAR-2008 |

BPH 1103-REV (Rev. 01/05) Electronic    Page 1 of 5    PERMANENT ADDENDUM

8 of 8



FIRST CLASS

Leslie Hood III
CDC# F88832 — Jis# D063606
P.O. Box 872
Fresno Ca 93712

ATT: Court Clerk
United States District Court
Northern District of California
450 Golden Gate Blvd.
San Francisco, CA 94102

LEGAL MAIL